Louis M. Day, Chillicothe, and F. N. Redfern, Adelphi, for Thomas.

Howard Goldsberry, Chillicothe, for State.

The facts are stated in the opinion.

**MAUCK, J.**

Nelson Thomas was indicted, charged with the offense of unlawfully manufacturing intoxicating lijuor. He entered a plea of not guilty and trial was had resulting in his conviction. He brings this proceeding in error to set aside the judgment which was entered upon the verdict.

Two questions of law are presented by the briefs and oral argument. The first runs to the complaint that only parts of a still were offered in evidence and that it was incumbent upon the state to offer the whole still or none at all, and that it was not competent to receive testimony that there was a still without the introduction of that device. As indicated in a previous holding of this court in Vinton County, with which counsel are familiar, this claim of error is unsound.

The second question involves the introduction in evidence of state's exhibit one. This was a jug which the evidence tended to show contained the liquor which was in process of being manufactured at the time the accused was arrested. The particular objection is that upon the jug was a printed label, placed there by the arresting officers for the purpose of identification. On the right side of this label there was written these figures and words:

"21 bbls. mash.

Still in operation when found by Jenkins, Agent."

It is claimed that this declaration of fact being essentially hearsay, its admission was erroneous. The objection made to the receipt of this inscription is sound, and if it had been material that the state establish the facts set forth in the quoted inscription it might have been prejudicial to the defendant. It was not, however, in this case conceivably prejudicial. At the time charged the arresting officers found a still in operation, from which was flowing raw whiskey, a part of which was preserved in the jug in question. The accused was standing by the still when first observed and was the only

**THOMAS v STATE**

Ohio Appeals, 4th Dist, Ross Co

Decided Dec 26, 1930

person seen in the neighborhood. The accused fled from the scene and was finally overtaken. He does not deny any of these facts but says that he came upon the still and was merely there as an observer, but he admits that his observations had continued for half an hour. The question at issue, therefore, was not whether or not whiskey was being manufactured at the time and place. The sole question was whether or not the connection of the accused with such manufacture was an innocent or guilty connection. The inscription complained of had no tendency to connect the accused with the manufacture, and consequently it exercised no influence in determining the only question at issue.

There is no error in the record prejudicial to the accused and the judgment is affirmed.

Middleton, PJ, and Blosser, J, concur.